## MILLER v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided May 16, 1935

David C. Haynes, Youngstown, for plaintiff in error.

J. H. Leighninger, Prosecuting Attorney, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

First, as to the claimed error that the court erred in permitting the defendant in error to amend the indictment, an examination of the record discloses that on or about the 14th day of November, 1933, the indictment was returned by the grand jury, that plaintiff in error was duly served with a copy, was arraigned and pled not guilty; that on the 22nd day of January, 1934, a motion was filed as follows:

"Now comes the State of Ohio and files this, its motion, to amend the indictment returned by the grand jury of Mahoning County in the September Term, 1933, in that the date of the alleged grand larceny be changed from September 25, 1933, to September 25, 1930, the reason therefor being that the date on the original indictment, due to a typographical error, did not conform to the actual facts."

Upon this application the court permitted the indictment to be amended accordingly. It will be observed that this motion was filed on the 22nd day of January, 1934. On the 29th day of January, 1934, defendant set up the defense of alibi, as follows:

"Comes now the defendant, Marie Miller, by and through her attorney, K. H. Powell, and respectfully represents that she will set up a defense of alibi to the above entitled charge; that she was not in the city of Youngstown on the 25th day of September, 1933; that she was in Cleveland, Ohio."

Sec 13437-29 GC provides that:

"The court may at any time before, during or after the trial, amend the indictment, information or bill of particulars in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment be made to the substance of the indictment or information or to cure a variance between the indictment or information as to the proof, the accused shall on his motion be entitled to discharge of the jury, if a jury has been impanelled, and to reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later date to the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy * * *."

On the 5th day of February a motion was filed for a continuance. This motion was by the court overruled and a jury impanelled to try the case.

This amendment was permitted on the 22nd day of January, 1934, and the trial was had on the 5th day of February, 1934. Under the above statute it is the opinion of this court that the lower court did not err in permitting this amendment.

Second, the court erred in the introduction of evidence offered by the State of Ohio over the objection and exception of the plaintiff in error. We have examined the record and conclude that there was no prejudicial error in the admission of testimony.

Third, the court erred in overruling the motion of the plaintiff in error for her discharge. We take it that this is on the ground that larceny was not charged in the indictment, but the securing of property by false pretense. Marie Miller was a gypsy girl who during the year 1930, in common with other gypsies, was located on East Federal Street in the city of Youngstown, apparently telling fortunes and carrying on the other activities usual with gypsies. The complaining witness, Tom Davis, was suffering from syphilis at that time, and various doctors who had treated him had failed to effect a cure. He came in contact with the plaintiff in error, who persuaded him to turn over to her $2700.00, in order that she might, as she claims, bless it, after which it was to be buried and then returned to him. This was supposed to effect a cure. Apparently a cure was not effected and the complaining witness demanded his money. She refused to return the money to him, and it is contended by the plaintiff in error that the turning over of this money voluntarily to the plaintiff in error did not constitute larceny, and therefore she could not be guilty of the offense charged.

On page 28 of the record the complaining witness testified as follows:

"Q. All right, what happened?
A. After happening reason Tom, she say, go to the ten cent store and buy a yard cloth and two candles, she say. I go to the ten cent store. I buy a yard cloth and two candles and I go back over there. Now, she say, don't scare, Tom, you money is safe. I won't touch nothing from your money. She say, even I am going to put my own money, she say, to make altogether $5,000 and the time before Christmas I make you cure and you going to have your money back. I won't touch one penny because I am your mother; I am your sister; I am your brother. Oh, she say hokus pokus like this. Well, she cut that cloth in three pieces. She takes string and needle. I take my money out of my pocket. She knows I got everything right in these pants, too. Oh, brother, see now don't be so scared, don't be so scared. Believe me what I say, and she went like this, absolutely I make you cure. Now she took and put him in separate and she takes it herself, see, and I put right on my body, she says to me."

So it appears from the testimony in this record that the possession only of this money was to be turned over to Marie Miller, and that the identical money was to be returned to the complaining witness.

Sec 12447 GC provides that:

"Whoever steals anything of value is guilty of larceny, and if the value of the thing stolen is $35.00 or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years, or if the value is less than that sum be fined not more than $200.00 or imprisoned not more than thirty days."

This section provides that whoever steals anything of value is guilty of larceny. Our statute does not define larceny; therefore, we are relegated to the common law

definition of that crime. Larceny at common law is defined as follows:

"Larceny at common law is the taking and receiving by trespass of personal property which the trespasser knows to belong either generally or specially to another, with the felonious intent to deprive him of his ownership therein and to constitute the crime under the common law. (a) The thing taken must be the personal property of another. It must be generally or specially owned by another. It must be taken from the actual or constructive possession of the owner by trespass. It must be carried away from the place it occupies, but any removal, however, slight, is sufficient. The intent must be to deprive the owner permanently of his property and it must exist at the time of the taking. The taking must be without claim of right, and in most jurisdictions the taking need not be lucri causa; that is, for the advantage of the thief.

A bailee who is lawfully in possession of a thing and who appropriates it to his own use, does not commit larceny, because its possession was lawfully obtained, although he may be guilty of embezzlement under the statute enacted to fill this gap in the common law. On the other hand, if a person obtains possession of goods or money by trick or fraud or under false pretense of a bailment with intent to appropriate the thing to his own use, and the owner intends to part with the possession only and not with the property, the possession is obtained unlawfully and the subsequent appropriation in pursuance of the original intent is larceny."

The above quotation is taken from Clark's Criminal Law, 2nd Ed., p. 282, and as authority for this statement by the author he cites the case of Reg. v Bunce, 1 Fost., and F., 523 a case where a gypsy girl, under pretense of raising spirits and recovering property, induced a woman to give her money, promising to return it. It was held if it was a mere trick to induce a woman to part with possession of the money with no intent to return it, it was larceny. And where defendant obtained a watch and money from a woman by falsely pretending her husband was under arrest and had sent for money, defendant to pawn the watch and give the money and ticket to the husband, it was held that if the taking was with felonious intent, it was larceny. And it seems that this rule has been followed in this state. See **Kellogg v State,**

26 Oh St, p. 15, and as the record indicates that the plaintiff in error was to have possession only of this property for a short time and then return the identical property, and she refused so to do, such would constitute larceny. Therefore, we believe the court did not err in overruling the motion to discharge the plaintiff in error on this ground.

We also are of the opinion that the court did not err in overruling the motion of plaintiff in error made at the conclusion of defendant in error's case and again at the conclusion of all the evidence.

The complaining witness testified fully as to this transaction, and he was corroborated to some extent by others. The defendant set up the defense of alibi and claims she was not in Youngstown at the time. These were all questions of fact for the jury to determine, and we are satisfied from a perusal of this record that the jury was justified in returning the verdict which it did.

Now, it was claimed on the hearing of this case that this defendant was not fully and fairly and properly defended at the time of this trial. This is not one of the errors assigned in the petition in error, but we have examined the record with this complaint in view and we are satisfied that this defendant had a fair and impartial trial. There was ample evidence presented to convict, and a perusal of the record indicates that her interests were well protected by counsel representing her at the time. It is therefore the opinion of this court that the lower court should be and hereby is affirmed.

ROBERTS and NICHOLS, JJ, concur.